UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-00350 PA (DFMx)                                  Date: March 16, 2026

Title      Terrence Jomar Little v. Michael Kors Stores, California LLC, et al.

Present: The Honorable:  **Percy Anderson, United States District Judge**

|  Kamilla Sali-Suleyman Kogosov  |  N/A  |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings (In Chambers):  Order Dismissing Action Without Prejudice For Failure to Comply with Court Orders**

On January 13, 2026, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request").  (ECF Nos. 1, 3.)  Plaintiff alleged employment discrimination, harassment, and constructive discharge.  (ECF No. 1.)

On January 30, 2026, the Court postponed a ruling on the IFP request.  (ECF No. 12.)  The Court found that Plaintiff had not identified the sources of money that cover his average monthly expenses totaling $3,273.  (*Id*.)  Although Plaintiff had reported receiving $3,278 annually in Calfresh benefits, it was not apparent how such benefits would cover non-food expenses.  (*Id*.)  The Court ordered Plaintiff to file another IFP request that explains how his average monthly expenses are paid and, if necessary, explain any inconsistencies with the original Request.  (*Id*.)  The Court ordered Plaintiff, in the alternative, to pay the filing fee of $405.  (*Id*.)  The Court warned Plaintiff that the failure to comply with the Order would result in the dismissal of the action without prejudice.  (*Id*.)

On February 5, 2026, Plaintiff filed a Response in which he explained that he received housing and unemployment benefits.  (ECF No. 13.)  Plaintiff did not file another IFP request as the Court had ordered.

On February 12, 2026, the Court postponed a ruling on the IFP request for a second time. (ECF No. 14.)  The Court found that Plaintiff had not complied with the Court's order to file an IFP request that explains how his average monthly expenses are paid and that explains inconsistencies with the original IFP request.  (*Id*.)  Specifically, the Court found that the Response filed by Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-00350 PA (DFMx)                                              Date: March 16, 2026

Title      Terrence Jomar Little v. Michael Kors Stores, California LLC, et al.

was insufficient because it was not accompanied by a Request, did not specify the amounts Plaintiff receives from benefits such as unemployment and housing, and did not explain why he did not initially report these benefits in his initial IFP request. (*Id*.) The Court ordered Plaintiff to file another IFP request that complied with the Court's order from January 30, 2026. (*Id*.) The Court ordered Plaintiff, in the alternative, to pay the filing fee of $405. (*Id*.) The Court again warned Plaintiff that the failure to comply with the Order would result in the dismissal of the action without prejudice. (*Id*.)

On February 25, 2026, Plaintiff filed another Response in which he provided documentation showing his receipt of housing benefits of $2,055 per month. (ECF No. 15.)

As of this date, more than 30 days have elapsed since the Court ordered Plaintiff on February 12, 2026, to provide more information about his financial circumstances or pay the filing fee. Plaintiff's latest Response again fails to comply with the Court's orders. Plaintiff again failed to file another IFP request. Plaintiff also did not report how much he receives in unemployment benefits. He also did not explain why he did not initially report his unemployment and housing benefits, which predate his filing of the Complaint.

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the Court's order. *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) (citing *Link v. Wabash R. Co*., 370 U.S. 626, 631 (1962)). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, the first, second, third, and fifth factors weigh in favor of dismissal. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay); *In re*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-00350 PA (DFMx)                    Date: March 16, 2026

Title      Terrence Jomar Little v. Michael Kors Stores, California LLC, et al.

*Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

In sum, four of the five factors weigh in favor of dismissal. Accordingly, this action is dismissed without prejudice.

It is so ordered.

_____ : _____
**Initials of Preparer**    _____